**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SANTIAGO CERROS MELENDEZ<br>c/o 519 H Street NW<br>Washington, DC 20001<br><br>LUIS EDUARDO DIAZ ARGUETA<br>c/o 519 H Street NW<br>Washington, DC 20001<br><br>     Plaintiffs,<br><br>v.<br><br>POY LOUNG DC GROUP, LLC<br>d/b/a KRUBA<br>301 Tingey St SE, Spt. B<br>Washington, DC 20003<br><br>GALAE THAI, INC.<br>d/b/a TEAKWOOD<br>1323 14th Street NW<br>Washington, DC 20005<br><br>POY LOUNG, INC.<br>d/b/a REGENT THAI CUISINE<br>1910 18th Street NW<br>Washington, DC 20009<br><br>CHUCHART KAMPIRAPANG<br>8318 Orville Street<br>Alexandria, VA 22309<br><br>     Defendants. | Civil Action No. _____ |

## **COMPLAINT**

1.     Defendants employed Plaintiffs at their District of Columbia restaurants. Defendants paid

Plaintiffs flat, semimonthly salaries that denied Plaintiffs minimum and overtime wages.

2.    Plaintiffs bring this action to recover damages for Defendants' willful failure to pay minimum and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

## Jurisdiction and Venue

3.    Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4.    Venue is proper pursuant to 28 U.S.C. § 1391(b), because all Defendants reside in this district, or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## Parties

5.    Plaintiff Santiago Cerros Melendez is an adult resident of the District of Columbia.

6.    Plaintiff Luis Eduardo Diaz Argueta is an adult resident of the District of Columbia.

7.    Defendant Poy Loung DC Group, LLC is a Virginia corporate entity. Poy Loung DC Group, LLC does business as Kruba. Poy Loung DC Group, LLC's principal place of business is located at 301 Tingey Street SE, Apt. B, Washington, DC 20003. Poy Loung DC Group, LLC's resident agent for service of process in the District of Columbia is D.C. Registered Agent, Inc., 1120 20th Street NW, S-300-RLK, Washington, DC 20036.

8.    Defendant Galae Thai, Inc. is a District of Columbia corporate entity. Galae Thai, Inc. does business as Teakwood. Galae Thai, Inc.'s principal place of business is located at 1323 14th Street NW, Washington, DC 20005. Galae Thai, Inc.'s resident agent for service of process is D.C. Registered Agent, Inc., 1120 20th Street NW, S-300-RLK, Washington, DC 20036.

9.      Defendant Poy Loung, Inc. is a District of Columbia corporate entity. Poy Loung, Inc. does business as Regent Thai Cuisine. Poy Loung, Inc.'s principal place of business is located at 1910 18th Street NW, Washington, DC 20009. Poy Loung, Inc.'s resident agent for service of process is D.C. Registered Agent, Inc., 1120 20th Street NW, S-300-RLK, Washington, DC 20036.

10.     Defendant Chuchart Kampirapang is an adult resident of Virginia. He resides at: 8318 Orville Street, Alexandria, VA 22309. He is an owner, operator and an officer of all three corporate Defendants. Moreover, he exercised control over the three Defendants' operations — including their pay practices.

11.     Defendant Kampirapang operates the three corporate Defendants as though they were one integrated enterprise.

12.     Defendant Kampirapang worked at and supervised the operations of Regent Thai Cuisine, Teakwood, and Kruba.

13.     The three corporate Defendants share material and financial resources under the direction of Defendant Kampirapang.

14.     Moreover, Defendants regularly reassigned employees, including Plaintiff Cerros Melendez, from one Defendant to another.

**Factual Allegations Specific to Plaintiff Cerros Melendez**

15.     Plaintiff Cerros Melendez worked for Defendants from approximately November 27, 2014 to approximately December 24, 2015.

16.     Plaintiff Cerros Melendez worked at Kruba, Regent Thai Cuisine, and Teakwood at various times.

17.     Plaintiff Cerros Melendez worked for Defendants as a kitchen hand.

18.    Plaintiff Cerros Melendez's job duties at Defendants' restaurants primarily consisted of washing dishes, cutting vegetables and meats, and cleaning.

19.    Prior to approximately August 1, 2015, Plaintiff Cerros Melendez worked predominately at Kruba.

20.    On approximately August 1, 2015, Defendants assigned Plaintiff Cerros Melendez to work at Kruba, Regent Thai and Teakwood during the same workweek.

21.    From approximately August 1, 2015 through December 24, 2015, Plaintiff Cerros Melendez typically worked the following days at each restaurant:

|  | Restaurant |
|---|---|
| Sunday | Off |
| Monday | Teakwood |
| Tuesday | Regent Thai Cuisine |
| Wednesday | Kruba |
| Thursday | Regent Thai Cuisine |
| Friday | Regent Thai Cuisine |
| Saturday | Regent Thai Cuisine |

22.    From approximately August 1, 2015 through December 24, 2015, Plaintiff Cerros Melendez was paid with one check for his work at all three restaurants.

23.    At all relevant times, Plaintiff Cerros Melendez typically and customarily worked six days a week.

24.    At all relevant times, Plaintiff Cerros Melendez typically and customarily worked the following schedule:

|  | Entry and Exit Time | Break Time | Hours Worked |
|---|---|---|---|
| Sunday | Off |  |  |
| Monday | 10:30 a.m. - 10:30 p.m. | 1 hour | 11.0 |
| Tuesday | 10:30 a.m. - 10:30 p.m. | 1 hour | 11.0 |
| Wednesday | 10:30 a.m. - 10:30 p.m. | 1 hour | 11.0 |
| Thursday | 10:30 a.m. - 10:30 p.m. | 1 hour | 11.0 |
| Friday | 10:30 a.m. - 11:00 p.m. | 1 hour | 11.5 |
| Saturday | 11:00 a.m. - 11:00 p.m. | 1 hour | 11.0 |
|  |  | TOTAL | 66.5 HOURS |

25.     At all relevant times, Plaintiff Cerros Melendez typically and customarily worked 66.5

per week.

26.     At all relevant times, Defendants paid Plaintiff Cerros Melendez a semimonthly salary.

27.     Defendants paid Plaintiff Cerros Melendez a semimonthly salary approximately as

follows:

| Approximate Dates | Semi-monthly Salary | Effective Hourly Rate |
|---|---|---|
| Nov. 27, 2014 - Jul. 31, 2015 | $750.00 | $5.20 |
| Aug. 1, 2015 - Dec. 24, 2015 | $800.00 | $5.55 |

28.     Defendants did not pay Plaintiff Cerros Melendez overtime wages — or one and a half

Plaintiff Cerros Melendez's regular hourly rate for hours worked in excess of 40 in a workweek.

29.     In addition to not paying overtime wages, Defendants did not pay Plaintiff Cerros

Melendez the applicable minimum wage.

30.     At all relevant times, Plaintiff Cerros Melendez clocked in and out of Defendants'

restaurants with a punch clock.

31.     At all relevant times, Defendants paid Plaintiff Cerros Melendez by check.

32.     At all relevant times, Defendant Chuchart Kampirapang typically and customarily signed

Plaintiff Cerros Melendez's pay checks.

33.     Defendants owe Plaintiff Cerros Melendez approximately $24,553.18 in minimum and

overtime wages.

**Factual Allegations Specific to Plaintiff Diaz Argueta**

34.     Plaintiff Diaz Argueta worked for Defendants from approximately February 1, 2013 to

approximately December 16, 2016.

35.     Plaintiff Diaz Argueta worked at Teakwood as a cook and sushi preparer.

36.     Plaintiff Diaz Argueta's job duties at Teakwood primarily consisted of preparing appetizers, preparing sushi, and cleaning his work station.

37.     From February 1, 2014 to December 16, 2016, Plaintiff Diaz Argueta typically and customarily worked 6 days per week.

38.     From February 1, 2014 to December 16, 2016, Plaintiff Diaz Argueta typically and customarily worked the following schedule:

|  | Entry and Exit Time | Break Time | Hours Worked |
|---|---|---|---|
| Sunday | 11:00 a.m. - 10:00 pm. | 1 hour | 10.0 |
| Monday | 10:00 a.m. - 10:30 p.m. | 1 hour | 11.5 |
| Tuesday | 10:00 a.m. - 10:30 p.m. | 1 hour | 11.5 |
| Wednesday | Off | | |
| Thursday | 10:00 a.m. - 10:30 p.m. | 1 hour | 11.5 |
| Friday | 10:00 a.m. - 11:00 p.m. | 1 hour | 12.0 |
| Saturday | 11:00 a.m. - 11:00 p.m. | 1 hour | 11.0 |
|  |  | TOTAL | 67.5 |

39.     From February 1, 2014 to December 16, 2016, Plaintiff Diaz Argueta typically and customarily worked 67.5 hours per workweek.

40.     Defendants paid Plaintiff Diaz Argueta a semi-monthly salary.

41.     Defendants paid Plaintiff Diaz Argueta a semi-monthly salary approximately as follows:

| Approximate Dates | Semi-monthly Salary | Effective Hourly Rate |
|---|---|---|
| Feb. 1, 2014 - Jul 31, 2015 | $800.00 | $5.47 |
| Aug. 1, 2015 - May 30, 2015 | $900.00 | $6.15 |
| Jun. 1, 2016 - Dec. 18, 2016 | $1,000.00 | $6.84 |

42.     Defendants did not pay Plaintiff Diaz Argueta overtime wages — or one and a half Plaintiff Diaz Argueta's regular hourly rate for hours worked in excess of 40 in a workweek.

43.     In addition to not paying overtime wages, Defendants did not pay Plaintiff Diaz Argueta the applicable minimum wage.

44.     At all relevant times, Plaintiff Diaz Argueta clocked in and out of Defendants' restaurants with a punch clock.

45.     At all relevant times, Defendants paid Plaintiff Diaz Argueta by check.

46.     At all relevant times, Defendant Chuchart Kampirapang typically and customarily signed Plaintiff Diaz Argueta's paychecks.

47.     For the period of time from February 1, 2014 to December 16, 2016, Defendants owe Plaintiff Diaz Argueta approximately $60,510.29 in minimum and overtime wages.

**Factual Allegations Common to All Plaintiffs**

48.     At all relevant times, Defendants had the power to hire and fire Plaintiffs.

49.     At all relevant times, Defendants had the power to control Plaintiffs' work schedule.

50.     At all relevant times, Defendants had the power to supervise and control Plaintiffs' work.

51.     At all relevant times, Defendants had the power to set Plaintiffs' rate and manner of pay.

52.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs one and a half times Plaintiffs' regular rate for all hours worked in excess of 40 hours in any one workweek.

53.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs the applicable minimum wage.

54.     At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiffs all wages legally due to Plaintiffs.

**COUNT I**

**FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA**

55.     Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

56.     Each defendant was an "employer" of Plaintiffs within the meaning of the FLSA. 29 U.S.C. § 203(d).

57.     The FLSA requires that employers pay non-exempt employees at least $7.25 per hour. 29 U.S.C. § 206(a)(1).

58.    The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

59.    The FLSA requires employers to pay non-exempt employees one and a half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

60.    Defendants violated the FLSA by knowingly failing to pay one or more Plaintiffs the federal minimum wage.

61.    Defendants violated the FLSA by knowingly failing to pay one or more Plaintiffs at least one and a half times Plaintiffs' regular hourly rates for hours worked in excess of 40 hours in any one workweek.

62.    Defendants' violations of the FLSA were willful.

63.    For Defendants' violations of the FLSA, Defendants are liable to Plaintiffs for unpaid minimum and overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

<u>COUNT II</u>
**FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA**

64.    Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

65.    Each defendant was an "employer" of Plaintiffs within the meaning of the DCMWA. D.C. Code § 32-1002(3).

66.    The DCMWA required that employers pay non-exempt employees at least $8.25 per hour from 2010 through June 30, 2014, $9.50 per hour from July 1, 2014 through June 30, 2015, $10.50 per hour from July 1, 2015 through June 30, 2016, and $11.50 per hour from July 1, 2016 through the present. D.C. Code § 32-1003(a).

67.     The DCMWA requires employers to pay non-exempt employees one and a half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. D.C. Code § 32-1003(c).

68.     Defendants violated the DCMWA by knowingly failing to pay the required minimum wage to one or more Plaintiffs.

69.     Defendants violated the DCMWA by knowingly failing to pay one or more Plaintiffs at least one and a half times Plaintiffs' regular hourly rates for hours worked in excess of 40 hours in any one workweek.

70.     Defendants' violations of the DCMWA were willful.

71.     For Defendants' violations of the DCMWA, Defendants are liable to Plaintiffs for unpaid minimum and overtime wages, an amount equal to three times the unpaid minimum and overtime wages as liquidated damages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE DCWPCL

72.     Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

73.     Each defendant was an "employer" of Plaintiffs within the meaning of the DCWPCL. D.C. Code § 32-1301(1).

74.     The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

75.     The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

76. For purposes of the DCWPCL, "wages" include, among other things, minimum and overtime wages. D.C Code § 32-1301(3).

77. Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiffs all wages due, including minimum and overtime wages.

78. Defendants' violations of the DCWPCL were willful.

79. For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiffs for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$349,498.15**, and grant the following relief:

    a.    Award Plaintiffs $340,253.85, consisting of the following overlapping elements:

        i.    unpaid federal minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

        ii.    unpaid District of Columbia minimum and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

        iii.    unpaid minimum and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

    b.    Award Plaintiffs pre-judgment and post-judgment interest as permitted by law.

c.    Award Plaintiffs attorney's fees and expenses computed pursuant to the matrix

approved in Salazar v. District of Columbia, 123 F. Supp. 2d 8 (D.D.C. 2000), and

updated to account for the current market hourly rates for attorney's services, pursuant to

the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $8,844.30);

d.    Award Plaintiffs court costs (currently, $400.00); and

e.    Award any additional relief the Court deems just.


Date: March 1, 2017                          Respectfully submitted,

                                             /s/ Justin Zelikovitz, Esq.
                                             Justin Zelikovitz, #986001
                                             DCWAGELAW
                                             519 H Street NW
                                             Washington, DC 20001
                                             Phone: (202) 803-6083
                                             Fax: (202) 683-6102
                                             justin@dcwagelaw.com

                                             *Counsel for Plaintiffs*


**JURY DEMAND**

Plaintiffs hereby demand a trial by jury as to all issues so triable.

                                             /s/ Justin Zelikovitz, Esq.